OPINION
Appellant, Raymond R. Yoel, and appellee, Anne J. Yoel, were married on July 2, 1989 in Huntsville, Alabama. Two children were born as issue of the marriage: William, born March 2, 1995; and Natalie, born October 3, 1991. On May 27, 1997, Ms. Yoel filed for divorce in the Lake County Court of Common Pleas.
On July 17, 1998, after several hearings, the parties agreed to settle the divorce and adopt a shared parenting plan. They agreed, before a magistrate, to the terms of many of the issues to be included in the shared parenting plan such as custody, visitation, education, and religious training. Both waived the fourteen day period in which to file objections to the magistrate's decision. On July 20, 1998, the magistrate issued her decision, in which she set forth the agreed upon terms in her findings of fact and recommended to the trial court that it order appellant's attorney to prepare a final shared parenting plan. On July 21, 1998, the trial court adopted the magistrate's decision and ordered appellant's attorney to submit a shared parenting plan.
On September 17, 1998, appellant filed a shared parenting plan. On November 9, 1998, appellee filed objections to appellant's plan and also filed her own plan, which was titled "amended shared parenting plan." On November 12, 1998, appellant filed a document entitled "motion to stay incorporation of verbal agreement." In this motion, appellant asked the court to stay settlement of the divorce pending our decision in Yoel v. Yoel
(Nov. 20, 1998), Lake App. No. 97-L-219, unreported, in which we affirmed the trial court's granting appellee a civil protection order against appellant. Appellant asserted that he felt forced into settling because he was prejudiced by the trial court accepting a finding of domestic violence against him into the evidence.
A hearing was held before the magistrate on November 12, 1998. At that hearing, the magistrate and the parties considered a new shared parenting plan proffered by appellee. This plan differed from the amended plan that she had filed only by a minor change in the visitation schedule. Appellant expressed that he had not agreed to the parenting plan before the court, specifically he wanted it to read that both parents were the residential parents and legal custodians of the children. Appellant requested that the court stay the implementation of the shared parenting plan so that the parties could work out more details. The guardian ad litem suggested that the plan was in the best interest of the children and should be signed. The magistrate issued no recommendation or decision as a result of the hearing; however, on that same day, the trial court issued a judgment entry of divorce, which incorporated the new shared parenting plan.
Mr. Yoel appeals and raises the following assignments of error:
 "[1.] The trial court erred and abused its discretion in granting a shared parenting plan that is not in the best interest of the children[,] does not conform with the agreement made on record and does not conform with O.R.C. 3109.04(D).
 "[2.] The trial court erred and abused its discretion in its child support finding where the trial court failed to apply Luke and the defendant-appellant's due process rights were violated where he did not have the opportunity to further negotiate as the trial court magistrate had acknowledged.
 "[3.] The trial court erred and abused its discretion by making substantive and procedural due process errors throughout the trial court proceedings, causing prejudice to defendant-appellant."
In his first assignment of error, appellant asserts that the trial court erred by adopting a shared parenting plan that was not agreed to by him, adopting a plan not submitted by one of the parties, and adopting a plan without releasing findings of fact and conclusions of law regarding why it adopted appellee's plan over his. Appellee responds that the first and second assignments of error are devoid of merit because appellant failed to object to the magistrate's July 20, 1998 decision.
Appellee is correct that appellant did not object to the July 20 decision, but his failure to object does not preclude this appeal. This appeal is based on the November 12, 1998 judgment entry, which had no corresponding magistrate's decision. The July 20 magistrate's decision summarized agreed upon terms for the shared parenting plan, which were set forth in findings of fact. The only binding action from the decision was her recommendation to the trial court that it order appellant to submit a shared parenting plan. Appellant may still dispute the terms of the plan and the procedure used in adopting it.
Because both parents submitted separate shared parenting plans, R.C. 3109.04(D)(1)(a)(ii) applies. Under that section, the court must review each plan to determine whether any plan is in the best interest of the children. If a submitted plan is in the best interest of the children, the court may approve such plan, which it did. The court may proceed only as set forth in the statute.
Appellant's main concern seems to be that appellee, not he, was designated the residential parent and legal custodian and that he did not agree to the final shared parenting plan because it differed from the plan that was agreed to orally before the magistrate on July 17, 1998. Whether the court approves a shared parenting plan or refuses to order shared parenting, the trial court must enter findings of fact and conclusions of law as to the reasons for the approval or refusal. Onion v. Onion (June 14, 1996), Ashtabula App. No. 95-A-0002, unreported. It is unclear how the final shared parenting plan was submitted to the trial court as no report was issued by the magistrate as a result of the November 12 hearing and the trial court issued no findings of facts or conclusions of law upon its acceptance. The trial court erred by not entering findings of fact and conclusions of law and, the adopted plan does not completely conform to the parties' oral agreement; therefore, appellant's first assignment of error has merit.
Because of our ruling on the first assignment of error, appellant's second and third assignments of error are moot. Though his second assignment of error is moot, appellant is correct in his assertion that the trial court must consider our decision in Luke v. Luke (Feb. 20, 1998), Lake App. No. 97-L-044, unreported.
We reverse the judgment of the Lake County Court of Common Pleas and remand the case for the trial court to adopt a shared parenting plan that conforms with the parties' oral agreement of July 17, 1998 and to consider whether Luke is applicable.
 _____________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., and O'NEILL, J., concur.